## Chapman v. Chisholm

*C. Wilfred Conard* and *George M. Miller, Jr.*, for plaintiff.

*Stewart P. Clarke* and *A. Bernard Hirsch*, for defendant.

BROOMALL, J., September 6, 1935.—Plaintiff filed this bill in equity alleging that he was the owner of a certain newspaper route in the county; that he leased the route to defendant by a written lease providing for a certain rental, of which a portion was paid at the time of execution of said lease, the balance to be paid in instalments, further providing that plaintiff warranted the circulation of said route, further providing that in case of any default on the part of defendant the latter would on demand restore the said newspaper route intact, together with all books and equipment to plaintiff, and upon payment of the total rental and proof that defendant had paid all indebtedness of said route, plaintiff would execute a bill of sale to defendant for said route for the additional sum of $1; that defendant has defaulted in paying said rentals; that plaintiff has demanded by written notice sent by registered mail that defendant surrender said route; that it is impossible for plaintiff to ascertain the names and addresses of the customers of said route unless defendant is compelled to turn over the books and records and that he has no adequate remedy at law. The prayers of the bill are that defendant be directed to surrender and restore to plaintiff the said route, together with all books, records, list of customers and equipment

thereof; that defendant be enjoined from serving newspapers to the customers of said route and that defendant be enjoined from collecting any money now owing or to become owing by said customers.

Preliminary objections were filed by defendant which were dismissed so that the chancellor might decide the questions in the light of the testimony offered at the hearing. Defendant then filed an answer admitting the provisions of the lease but denying that there has been a default thereunder, alleging that he purchased said route on the representation that there were a certain number of "serves" but that part of the route was an "honor stand" which served approximately 125 papers a day, that plaintiff assured defendant the loss on the honor stand would not be more than three or four papers a day, whereas the loss had been between 20 and 25 papers a day and that plaintiff had an adequate remedy at law. A hearing was held and testimony taken, and the parties have filed requests for findings of fact and conclusions of law.

## Discussion

The contentions of defendant can be summarized as follows: (1) A newspaper route cannot be the subject matter of a lease; (2) plaintiff has an adequate remedy at law; (3) equity has no jurisdiction over the controversy between the parties; and (4) defendant was led to enter into the agreement by reason of misrepresentations made by plaintiff.

We fail to see why a newspaper route, or rather the exclusive right to sell newspapers in a particular locality cannot be the subject matter of a lease. True it is intangible, but it is similar to goodwill which can be bought and sold. In Buzby v. Buzby et al., 13 Dist. R. 587, it was held that there was a property right in a newspaper route, the court recognizing that it had a regular market price. If it can be the subject of a sale there is no reason why it cannot be the subject of a lease. Furthermore, the parties by their very contract recog-

nized it as the proper subject for a lease and defendant was, at that time, willing to part with his money in order to obtain the lease which he now questions.

The question remains as to how such property right may be enforced. Had this been real estate the plaintiff might have brought ejectment, if tangible personal property replevin would lie, but we know of no action at law which would lie to recover possession of intangible personal property. Equity courts were established for the very purpose of affording relief where there is no remedy at law, or where the remedy at law is inadequate. Even in the case of tangible chattels, equity will sometimes decree their return, especially where they possess some peculiar intrinsic value: McGowin v. Remington, 12 Pa. 56. Therefore we feel that equity has jurisdiction. It is argued that we should not assume jurisdiction because we could not enforce any decree that we might make, and that if the newspaper companies refused to deliver papers to plaintiff we could not compel them to do so. We are not concerned with the newspaper companies. They are not parties to the bill and no remedy is sought against them. We can, however, enforce any decree which we may make against defendant.

It is also argued that plaintiff has an adequate remedy at law in which he may recover damages for breach of the contract. While it is true that plaintiff may have this remedy, it does not follow that it is adequate. There exist many cases where money damages cannot compensate for failure to perform a contract, as for example, the failure to return chattels having an intrinsic value. In the present case the books and records pertaining to the route, including a list of the customers, have an intrinsic value and a court of equity has the right to order them returned specifically. See Borden's Farm Products Co., Inc., et al. v. Sterbinsky et al., 117 Misc. 585, 192 N. Y. Supp. 757; Conviser v. J. C. Brownstone & Co. et al., 209 App. Div. 584, 205 N. Y. Supp. 32. We therefore feel that plaintiff is entitled to a decree stating that he

is entitled to possession of the newspaper route, and ordering defendant to return it to him together with all books, records, list of customers, and equipment pertaining thereto.

However, we do not feel that plaintiff is entitled to a decree enjoining defendant from serving customers on the route. As was said by Judge Fronefield in a similar case, Frantz v. Saalbach, 112 June term 1934, in the common pleas of this county:

"The agreement did not provide that the lessees or their assigns should not engage in the business of serving newspapers should said lease be terminated. If the newspaper companies are willing to supply papers to defendants, and if people are willing to buy from them, the court cannot interfere. If the action of the newspaper companies is in violation of an oral agreement which they made with plaintiff, his action is against them".

In our case likewise there is no such agreement and to make such an order would be to write a new contract for the parties. The same reasoning applies to the prayer that defendant be restrained from collecting moneys owing from customers. The agreement did not provide for this and we cannot write such a proviso into the agreement. All that it provided was that upon default the route should be restored to plaintiff and this is the only relief to which we feel he is entitled.

As to the merits, defendant presents a defense of misrepresentation in that plaintiff assured him the loss of papers on the honor stand would not amount to more than two or three a day, whereas it has actually amounted to from 20 to 30 a day. However, defendant continued to make his instalment payments under the lease until August, which was at least four or five months after he had learned of the alleged discrepancy. Furthermore, the shortage would not relieve defendant from all liability to make his payments. At the most it would only relieve him pro rata. Defendant has failed to make

any payments since August. We feel that such a defense is not timely.

### ·*Decree nisi*

And now, to wit, September 6, 1935, upon consideration of the foregoing proceedings, it is ordered, adjudged, and decreed as follows:

1. Under the terms of the agreement between plaintiff, Roy H. Chapman, and defendant, Frank E. Chisholm, dated February 14, 1934, whereby a certain newspaper route . . . located in Delaware County, Commonwealth of Pennsylvania, was leased by the said plaintiff to the said defendant and because of the default of said defendant in making payments as therein provided, plaintiff is legally entitled to have the said newspaper route and all books and papers pertaining thereto returned to him by said defendant.

2. Defendant, Frank E. Chisholm, is directed forthwith to return and deliver to plaintiff, Roy H. Chapman, the above newspaper route, together with all books, records, list of customers and other paraphernalia connected therewith.

3. Defendant to pay the costs.

From William R. Toal, Media.